**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 18-cv-1927**

| | |
|---|---|
| Steven Knisley,<br><br>Plaintiff,<br>v.<br><br>Liberty Home Equity Solutions, Inc., Dgg Re Investments, LLC d/b/a Guardian Asset Management, and Dickey's Contracting, LLC d/b/a Dickey's Property Preservation and also Dickey's Lawn Care and Snow Removal,<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, Steven Knisley (hereinafter "Plaintiff"), for his Complaint against Liberty Home Equity Solutions, Inc. (hereinafter "Defendant Liberty"), Dgg Re Investments, LLC d/b/a Guardian Asset Management (hereinafter "Defendant DRI"), Dickey's Contracting, LLC d/b/a Dickey's Property Preservation and also d/b/a Dickey's Lawn Care and Snow Removal (hereinafter "Defendant Dickey's"), (collectively hereinafter "Defendants") states and alleges as follows:

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692, 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for Plaintiff's pendent common law claims.

3. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

**PARTIES**

4. Plaintiff is a natural person who resides in the city of Alexandria, county of Douglas, state of Minnesota.

5. Defendant Liberty Home Equity Solutions, Inc. has its headquarters at 10951 White Rock Road, Suite 200, Rancho Cordova, California 95670 and has a registered agent of service of CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

6. Defendant DRI is a foreign limited liability company organized under the laws of the state of Pennsylvania; is authorized to do business in the state of Minnesota, and has a registered office located at 2345 Rice Street #230, Roseville, Minnesota 55113. Defendant DRI uses instrumentalities of interstate commerce with a principal purpose of the enforcement of security interests. Defendant DRI is, therefore, a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6), for purposes of liability under 15 U.S.C. § 1692f(6).

7. Defendant Dickey's is a domestic limited liability company organized under the laws of the state of Minnesota, is authorized to do business in said State, and has a registered office located at 202 Park Street, Georgetown, Minnesota 56546. Defendant DRI uses instrumentalities of interstate commerce with a principal purpose of the enforcement of security interests. Defendant Dickeys is, therefore, a

"debt collector" as that term is defined in 15 U.S.C. § 1692a(6), for purposes of liability under 15 U.S.C. § 1692f(6).

8. Each of the Defendants named herein are believed to and are alleged to have been acting in concert with, as employee, agent, contractor, or member of a joint venture of, each of the other Defendants, and are, therefore, alleged to be jointly and severally liable for the claims set forth herein.

## FACTUAL ALLEGATIONS

9. At all times herein material, Plaintiff owned the home and property located at 38870 Oriole Drive, Laporte, Minnesota 56461.

10. Upon information and belief in April of 2018 Defendant Liberty held the mortgage on property at 38924 Oriole Drive, LaPorte, Minnesota 56461.

11. Defendant Liberty hired Defendant DRI to enforce Liberty's security interest in the property located at 38924 Oriole Drive, LaPorte, Minnesota 56461.

12. Defendant DRI acting in its capacity as a debt collector pursuant to 15 U.S.C. §1692f(6) hired Defendant Dickey's to assist in the non-judicial effort to dispossess Plaintiff of his property by breaking into Plaintiff's property and changing the locks.

13. On or about April 13, 2018, Defendants DRI and Dickey's, their agents, contractors, and/or employees entered Plaintiff's property and home without his permission, removed a large number of his personal possessions, and changed the locks on the home without permission or authorization to do so in violation of 15 U.S.C. §1692f(6).

14. On or about April 15, 2018, Plaintiff went to his home and was astounded to see that multiple signs had been placed in the windows of his home stating, in pertinent part:

THIS PROPERTY IS UNDER THE MANAGEMENT OF **GUARDIAN ASSET MANAGEMENT.**

THE PROPERTY MAY NOT BE ENTERED UNTIL IT IS OFFERED FOR SALE.

**GUARDIAN ASSET MANAGEMENT**
**2021 HARTEL STREET**
**LEVITTOWN, Pa 19057**
**TOLL FREE 1-888-872-9094**

15. Plaintiff then attempted to enter his home but realized that Defendants, their agents, contractors, and/or employees had changed the locks to prevent him from doing so.

16. Plaintiff was then forced to break into his own home, causing substantial damage to a window in the process, just to gain some semblance of what had occurred.

17. Once Plaintiff was finally able to enter his own home, he realized that Defendants, their agents, contractors, and/or employees had ransacked his personal possessions.

18. Plaintiff immediately contacted the Hubbard County Sheriff's Office and requested an officer's presence.

19. Plaintiff then wandered from room to room, attempting to decipher which of his possessions Defendants, their agents, contractors, and/or employees had taken and which they had chosen to leave behind; from what Plaintiff has been able to easily identify, Defendants, their agents, contractors, and/or employees took over three thousand dollars' worth of his personal possessions.

20. After some time, Plaintiff was able to somewhat compose himself and noticed that Defendants, their agents, contractors, and/or employees had winterized his home and, in the process of so doing, had affixed tags to his faucets, toilets, and other areas which listed the address of a neighboring property, 38924 Oriole Drive, Laporte, Minnesota.

21. Plaintiff then called 1-888-872-9094, a number belonging to Defendant DRI and listed on the signs Defendants, their agents, contractors, and/or employees had placed in the windows of Plaintiff's home.

22. Plaintiff conveyed to Defendant DRI's agent that Defendants, their agents, contractors, and/or employees had broken into his home, taken his personal possessions, and changed the locks, without Plaintiff's permission or authorization to do so.

23. Plaintiff called this same number approximately four times on April 15, 2018, but never received any further information.

24. At approximately 5:00 p.m. on April 15, 2018 Officer Ryan Newhouse and Officer Nate Stein from the Hubbard County Sheriff's Office arrived at Plaintiff's home.

25. Plaintiff conveyed to the two officers what had occurred, and the officers drafted a corresponding report.

26. The Sheriff's investigation revealed that Defendant Dickey's Lawn Service was involved in the break in at Plaintiff's home.

27. On April 16, 2018, Plaintiff once again called 1-888-872-9094 and spoke with an individual named Mike Patterson (hereinafter "Mr. Patterson") who is employed by Defendant DRI as a "team lead."

28. Plaintiff conveyed to Mr. Patterson that an individual or individuals had entered upon his property, broken into his home, taken thousands of dollars' worth of his personal property, and had changed the locks to prevent him from entering his own home, without permission or authorization to do so.

29. Plaintiff then mentioned to Mr. Patterson that tags had been affixed to his faucets, toilets, and other areas which listed the address of a neighboring property, 38924 Oriole Drive, Laporte, Minnesota.

30. Mr. Patterson then asked Plaintiff, "Does your place have a home, cabin, and garage?"

31. Plaintiff emphatically exclaimed, "NO!"

32. Mr. Patterson, in a fleeting moment of candor, stated, "God! They went to the wrong property."

33. Thereafter, Mr. Patterson assured Plaintiff that he would contact the individual(s) who had entered upon Plaintiff's property, broken into his home, taken his personal possessions, and changed the locks, without permission or authorization to do so, and facilitate the return of Plaintiff's personal possessions.

34. As of this date there has been no return of all of the Plaintiff's personal possessions.

35. Later that morning, Mr. Patterson sent Plaintiff an SMS message that he had received, an image depicting the interior of Plaintiff's home, and asked Plaintiff to confirm that the image was, in fact, an image depicting the interior of his home.

36. Plaintiff confirmed that it was.

37. At this point, Plaintiff learned, for the first time, that Defendants, their agents, contractors, and/or employees had not only entered upon Plaintiff's property, broken into his home, taken his personal possessions, and changed the locks, without permission or authorization to do so, but also, at the very least, took photographs of the interior of his home.

38. After approximately an hour had passed, Plaintiff again called 1-888-872-9094, spoke with Mr. Patterson, and was told that the individual(s) who had entered upon Plaintiff's property, broken into his home, taken his personal possessions, and changed the locks, without permission or authorization to do so had not returned Patterson's call and that "he must be nervous."

39. After April 16, 2017, all of Plaintiff's attempts to contact Mr. Patterson went unanswered.

40. Defendants' conduct has caused Plaintiff out of pocket loss, fear, anxiety, sleeplessness, loss of time, emotional distress, and mental anguish.

## TRIAL BY JURY

41. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. Amend. VII.; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*—AGAINST DEFENDANTS Dickey's and DRI

42. Plaintiff hereby incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

43. Defendants Dickey's and DRI took nonjudicial action to dispossess Plaintiff of his property without a present right to take possession of the property, in violation of 15 U.S.C. § 1692f(6).

44. Defendants Dickey's and DRI took nonjudicial action to disable Plaintiff's property by changing the locks on the property without Plaintiff's permission or authorization to do so and without a present right to possession of the property, in violation of 15 U.S.C. § 1692f(6).

45. As a result of Defendants Dickey's and DRI's violations of the FDCPA, Plaintiff has been damaged and is entitled to actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II.

### COMMON LAW TRESPASS—AGAINST ALL DEFENDANTS

46. Plaintiff hereby incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

47. Defendants, their agents, contractors, and/or employees entered upon Plaintiff's property and into his home without permission or authorization to do so.

48. Defendants, their agents, contractors, and/or employees did so intentionally and/or with gross disregard of Plaintiff's rights.

49. Plaintiff suffered out of pocket loss emotional distress and mental anguish as a direct and proximate result of such conduct.

**COUNT III.**

**TRESPASS TO CHATTELS—AGAINST ALL DEFENDANTS**

50. Plaintiff hereby incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

51. Defendants, their agents, contractors, and/or employees entered upon Plaintiff's property and into his home and removed thousands of dollars' worth of Plaintiff's personal possessions without permission or authorization to do so.

52. Defendants, their agents, contractors, and/or employees did so intentionally and/or with gross disregard of Plaintiff's rights.

53. Plaintiff suffered loss of property, emotional distress and mental anguish as a direct and proximate result of such conduct.

**COUNT IV.**

**CONVERSION—AGAINST ALL DEFENDANTS**

54. Plaintiff hereby incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

55. Defendants, their agents, contractors, and/or employees entered upon Plaintiff's

property and into his home and removed thousands of dollars' worth of Plaintiff's personal possessions without permission or authorization to do so.

56. Defendants, their agents, contractors, and/or employees did so intentionally and/or with gross disregard of Plaintiff's rights.

57. Plaintiff suffered loss of property, emotional distress and mental anguish as a direct and proximate result of such conduct.

**COUNT V.**

**VIOLATION OF MINN. STAT. § 604.14—AGAINST ALL DEFENDANTS**

58. Plaintiff hereby incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

59. Defendants, their agents, contractors, and/or employees entered upon Plaintiff's property and into his home and removed thousands of dollars' worth of Plaintiff's personal possessions without permission or authorization to do so.

60. Plaintiff's property has not been returned to him as of the filing of this Complaint.

61. Defendants are liable to Plaintiff for the value of the property taken, as well as punitive damages, pursuant to Minn. Stat. § 604.14.

**COUNT VI.**

**NEGLIGENT HIRING, TRAINING, OR SUPERVISION—AGAINST ALL DEFENDANTS**

62. Plaintiff hereby incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

63. Defendants had a duty of care to engage agents, contractors, and/or employees with

the necessary skill and care to perform property preservation services in compliance with the law.

64. Defendants also had a duty to train said agents, contractors, and/or employees how to perform property preservation services in compliance with the law, including, but not limited to, ensuring that the property being winterized is, in fact, the secured property.

65. Moreover, Defendants had a duty to supervise said agents, contractors, and/or employees to ensure that the property preservation services were performed in compliance with the law.

66. Defendants breached these duties.

67. Plaintiff suffered loss of property, emotional distress and mental anguish as a direct and proximate result.

**COUNT VII.**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS—AGAINST ALL DEFENDANTS**

68. Plaintiff hereby incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

69. Defendants, their agents, contractors, and/or employees entered Plaintiff's property and home, removed many his personal possessions, and changed the locks without permission or authorization to do so.

70. Such conduct is extreme, outrageous, shocking to the conscious, and amounts to a gross disregard for Plaintiff's rights.

71. Plaintiff suffered severe emotional distress and mental anguish as a direct and

proximate result of such conduct.

**COUNT VIII.**

**INVASION OF PRIVACY – AGAINST ALL DEFENDANTS**

72. Plaintiff hereby incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

73. Defendants, their agents, contractors, and/or employees entered Plaintiff's property and home, removed a large number of his personal possessions, took photographs of the interior of the home, and changed the locks without permission or authorization to do so.

74. As owner of the property, home, and possessions therein, Plaintiff had a right to be free from an intrusion upon his seclusion relating to the same.

75. Defendants, their agents, contractors, and/or employees acted intentionally and/or with gross disregard for Plaintiff's right to be free from an intrusion upon his seclusion.

76. Plaintiff suffered emotional distress and mental anguish as a direct and proximate result of Defendants', their agents', contractors', and/or employees' conduct.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment against Defendants, both jointly and severally, as follows:

- that an order be entered declaring that Defendants Dickey's and DRI's actions as described above are in violation of the FDCPA;
- that judgment be entered against Defendants Liberty and DRI for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
- that judgment be entered against Defendants Dickey's and DRI for statutory

damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- that the Court award Plaintiff costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3) and as allowed by other law;
- compensatory and other damages allowed by law;
- an award of damages for the value of the personal possessions Defendants took in an amount to be determined at trial, plus punitive damages, pursuant to Minn. Stat. § 604.14; and
- for such other and further relief as the Court may deem just and appropriate.

Dated this 10th day of July, 2018.

Respectfully submitted,
By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
Email: tommy@consumerjusticecenter.com

Ben Wangberg, Esq.
**Fuller Wallner, Attorneys at Law**
514 America Avenue NW
Attorney I.D. #0389779
Bemidji, MN 56601
Telephone: (218) 751-2221
Facsimile: (218) 751-2285
Email: wangberg@lawofficemn.com

Thomas J. Lyons, Esq.
Attorney I.D. #65699
**LYONS LAW FIRM, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
Email: tlyons@lyonslawfirm.com

***ATTORNEYS FOR PLAINTIFF***

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA )<br>
) ss<br>
COUNTY OF DOUGLAS )

I, Steven Knisley, having first been duly sworn and upon oath, depose and say as follows:

1. A am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts in para 9-40 are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Steven Knisley<br>
Steven Knisley

Subscribed and sworn to before me<br>
This 9th day of July, 2018.

s/Donna Rae Ryan<br>
Notary Public