UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Knisley,

          Plaintiff,          Case No. 18-cv-1927 (JRT/LIB)

v.

Liberty Home Equity Solutions, Inc., et al.,    **REPORT AND RECOMMENDATION**

          Defendants.

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

On November 28, 2018, Plaintiff filed an Application for Clerk's Entry of Default, [Docket No. 17], in which Plaintiff requested that the Clerk of Court enter default as to Defendant Dickey's Contracting, LLC. On December 3, 2018, the Clerk of Court entered default against Defendant Dickey's Contracting, LLC. [Docket No. 19].

On March 19, 2019, Cross-Claimant Liberty Home Equity Solutions, Inc. and Cross-Claimant Dgg Re Investments, LLC filed a Joint Application for Clerk's Entry of Default, [Docket No. 22], in which they requested that the Clerk of Court enter default as to their crossclaims for contribution and indemnification alleged against Cross-Defendant Dickey's Contracting, LLC. On April 3, 2019, the Clerk of Court entered default against Cross-Defendant Dickey's Contracting, LLC as to these crossclaims. [Docket No. 26].

On October 11, 2019, the undersigned issued an Order observing that more than six months had passed since the Clerk of Court had most recently entered default on the cross-claims against Cross-Defendant Dickey's Contracting, LLC. During that six-month interval, Plaintiff;

Defendant and Cross-Claimant Liberty Home Equity Solutions, Inc.; and Defendant and Cross-Claimant Dgg Re Investments, LLC had each failed to move for default judgment against Defendant and Cross-Defendant Dickey's Contracting, LLC. In fact, Cross-Claimant Liberty Home Equity Solutions, Inc. and Cross-Claimant Dgg Re Investments, LLC had each failed to take <u>any</u> action upon the Clerks Entry of Default on their cross-claims nor did they ever inform the Court as to the status of what presumably one would expect to be forthcoming motions for default judgement on their cross-claims. In contrast, Plaintiff had provided some indication to the Court that he had reached a settlement of his direct claims against Defendant Dickey's Contracting, LLC; however, at the time the Court issued its October 11, 2019, there was also no indication of that settlement on this Court's docket.

In the Court's October 11, 2019, Order, the undersigned directed Cross-Claimant Liberty Home Equity Solutions, Inc. and Cross-Claimant Dgg Re Investments, LLC to file either a Motion for Default Judgment on their cross-claims as against Cross-Defendant Dickey's Contracting, LLC, or a voluntary dismissal thereof by no later than November 1, 2019. The Court forewarned both these Cross-Claimants that if either failed to comply with the directive in the Court's October 11, 2019, Order in the time provided for in that Order, it would be recommended that Cross-Claimant Liberty Home Equity Solutions, Inc. and Cross-Claimant Dgg Re Investments, LLC's crossclaims against Cross-Defendant Dickey's Contracting, LLC be dismissed for failure to prosecute.

Likewise in its October 11, 2019, the undersigned directed Plaintiff to file either a Motion for Default Judgment on its direct claim as against Defendant Dickey's Contracting, LLC, or a stipulation of dismissal, if Plaintiff had in fact reached a settlement of his direct claims against Defendant Dickey's Contracting, LLC. Here again, the Court forewarned Plaintiff that if he

2

failed to comply with this Court's directive it would be recommended that his direct claims against Defendant Dickey's Contracting, LLC be dismissed for failure to prosecute.

On October 11, 2019, following this Court's Order, Plaintiff filed a Stipulation for Dismissal, [Docket No. 41], indicating that he had reached a settlement agreement with Defendant Dickey's Contracting, LLC as to Plaintiff's direct claims raised against Defendant Dickey's Contracting, LLC. On November 26, 2019, the Honorable John R. Tunheim, Chief District Court Judge for the United States District Court, District of Minnesota, approved this Stipulation of Dismissal thereby dismissing all of Plaintiff's direct claims as alleged against Defendant Dickey's Contracting, LLC. (Order [Docket No. 43]).

The sole remaining claims now in the present case, therefore, are Cross-Claimant Liberty Home Equity Solutions, Inc.'s and Cross-Claimant Dgg Re Investments, LLC's crossclaims for contribution and indemnification alleged against Cross-Defendant Dickey's Contracting, LLC.[1]

However, it has now been more than forty-five (45) days since the Court's October 11, 2019, Order, and Cross-Claimant Liberty Home Equity Solutions, Inc. and Cross-Claimant Dgg Re Investments, LLC have each failed to file either a Motion for Default Judgment on their crossclaims as against Cross-Defendant Dickey's Contracting, LLC, or a voluntary dismissal of their respective crossclaim against Cross-Defendant Dickey's Contracting, LLC, by the November 1, 2019, deadline which was plainly set out in this Court's previous directive. [Docket No. 40]. In fact, Cross-Claimant Liberty Home Equity Solutions, Inc. and Cross-Claimant Dgg

---

[1] Chief Judge Tunheim's Order, [Docket No. 43], on its face, appears to dismiss Defendant Dickey's Contracting, LLC from the present case, however, the Stipulation of Dismissal upon which that Order is based specifically notes that it applies only to Plaintiff's direct claims against Defendant Dickey's Contracting, LLC. In fact, the Order itself notes that the Stipulation it addresses applies to "Plaintiff's claims against Defendant Dickey's Contracting, LLC . . . ." (Order [Docket No. 43]). Based on the record now before the Court, Cross-Claimant Liberty Home Equity Solutions, Inc.'s and Cross-Claimant Dgg Re Investments, LLC's crossclaims against Cross-Defendant Dickey's Contracting, LLC remain pending.

3

Re Investments, LLC have both failed to take <u>any</u> action whatsoever in the present case since the Court's October 11, 2019, Order.

Consequently, the Court finds that Cross-Claimant Liberty Home Equity Solutions, Inc. and Cross-Claimant Dgg Re Investments, LLC have each failed to abide by the terms of the Court's Order of October 11, 2019. [Docket No. 40]. Because the Court previously forewarned Cross-Claimant Liberty Home Equity Solutions, Inc. and Cross-Claimant Dgg Re Investments, LLC of the potential consequences of failure to abide by the Court's October 11, 2019, Order, the Court now recommends that Cross-Claimant Liberty Home Equity Solutions, Inc.'s and Cross-Claimant Dgg Re Investments, LLC's crossclaims against Cross-Defendant Dickey's Contracting, LLC be dismissed for failure to comply with the Court's Order of October 11, 2019, [Docket No. 40], and for lack of prosecution.

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Cross-Claimant Liberty Home Equity Solutions, Inc.'s crossclaims against Cross-Defendant Dickey's Contracting, LLC be **DISMISSED with prejudice** for failure to comply with the Court's Order of October 11, 2019, [Docket No. 40], and for lack of prosecution; and

2. Cross-Claimant Dgg Re Investments, LLC's crossclaims against Cross-Defendant Dickey's Contracting, LLC be **DISMISSED with prejudice** for failure to comply with the Court's Order of October 11, 2019, [Docket No. 40], and for lack of prosecution.

Dated: December 3, 2019                                   s/Leo I. Brisbois
                                                          Hon. Leo I. Brisbois
                                                          United States Magistrate Judge

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).